Case 5:15-cv-00055   Document 47   Filed in TXSD on 01/19/16   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
January 19, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| HILDA BERTA RAMOS, et al., § | |
| § | |
| Plaintiffs, § | |
| v. § | |
| § | Case No. 5:15-cv-055 |
| FALLON WIED CREMAR, et al., § | |
| § | |
| Defendants. § | |
| § | |

## MEMORANDOM AND ORDER

Pending before the Court is the Motion to Dismiss by Defendants Benavides Independent School District (BISD) and Freer Independent School District (FISD). (Dkt. 32). Plaintiffs filed a response asking the Court to deny the Motion or, in the alternative, grant Plaintiffs an opportunity to file an amended complaint. (Dkt. 43). The Defendants replied. (Dkt. 45).

## BACKGROUND

This is a Civil Rights case brought pursuant to 42 U.S.C. §1983, relating to the alleged sexual abuse and suicide of O.R., Deceased Minor. O.R. was a student at Webb Consolidated Independent School District (WCISD) when he was allegedly molested by Fallon W. Cremar, a teacher in that school district. Ms. Cremar was previously employed by Defendants BISD and FISD, who bring this Motion to Dismiss.

Plaintiffs allege that BISD and FISD knew of inappropriate relationships that Ms. Cremar had with students in those districts and that she was forced to resign from her employment in those districts. Plaintiffs also allege that BISD, FISD, and their employees failed to report Ms. Cremar's inappropriate relationships to WCISD or to the Texas Education Agency. State law requires superintendents to notify the Texas Education Agency's State Board for Educator Certification if a teacher employed by the district is terminated or resigns and there was evidence of sexual misconduct between that teacher and a student. See Tex. Educ. Code § 21.006.

Plaintiffs' Section 1983 lawsuit against BISD and FISD amounts to a claim that the two districts failed to train and supervise their employees, causing the failure to report inappropriate relationships. Plaintiffs insist that adequate training and supervision would have stopped WCISD from hiring Ms. Cremar or led to greater supervision of her, preventing O.R.'s injuries.

FISD and BISD brought a previous Motion to Dismiss on immunity grounds (Dkt. 23), but the Court dismissed that motion as moot when it allowed Plaintiffs to amend their complaint (Dkt. 29). Now FISD and BISD bring this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## ANALYSIS

In deciding a Rule 12(b)(6) Motion to Dismiss, the Court limits itself to the contents of the pleadings, accepting as true

all well-plead facts and viewing them in the light most favorable to the plaintiffs.  Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 634-35 (5th Cir. 2014).  However, this tenet is inapplicable to legal conclusions.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Id. at 1950.

Claims against local government entities under Section 1983 can only arise "where the municipality *itself* causes the constitutional violation at issue."  City of Canton v. Harris, 109 S.Ct. 1197, 1203 (1989) (citing Monell v. N.Y.C. Dept. of Social Servs., 98 S.Ct. 2018, 2037-38 (1987)).  Local governments cannot be held liable through vicarious liability or respondeat superior theories.  Id.  Instead, liability can only attach when the municipality causes an injury through its policies or customs.  Id.  The Supreme Court has held that such liability can arise through a municipality's failure to train its employees.  Id. at 1200.

FISD and BISD move to dismiss on two grounds: that (1) Plaintiffs do not allege a relevant action by FISD and BISD that occurred under color of state law, and (2) Plaintiffs otherwise fail to meet the pleading requirements of Rule 8, Federal Rules of Civil Procedure, as interpreted by Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

### a. Action Under Color of State Law

To state a Section 1983 claim, plaintiffs must allege (1) the deprivation of a right or interest secured by the Constitution and laws of the United States, and (2) that the deprivation occurred under color of state law. Doe v. Rains Cnty. Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995). Fifth Circuit law on the first requirement is clear: "schoolchildren do have a liberty interest in their bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment. Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 459 (5th Cir. 1994). "[P]hysical sexual abuse by a school employee violates that right." Id. BISD and FISD rely on Rains to assert that any deprivation they allegedly caused could not have occurred under color of state law.

The Fifth Circuit in Rains ruled that an individual teacher did not act under color of state law when she failed to report child abuse as required by the Texas Family Code. 66 F.3d at 1417. The Family Code required "any person," who had cause to believe that a child was abused, to report that suspicion to the State. Id. at 1407. There was a similar statutory requirement for "professionals." Id. Therefore, the Fifth Circuit reasoned that the statutory requirement applied to the general populace, not state officials specifically. Id. at 1416. The Rains defendant was thus acting individually and not under color of state law, as

there was "no conduit through which an exercise of state power can be said to have caused the constitutional injury."  Id.

Rains is inapplicable to this case.  It concerned an individual teacher's failure to report sexual abuse, but the allegation in the instant case is the failure of a school district, which is different than an individual teacher.  A school district is a governmental organization, and any action or inaction of a governmental entity is a state action under color of state law.  See Will v. Mich. Dep't of State Police, 109 S.Ct. 2304, 2319-20 (1989) (Brennan, J., dissenting) (noting that municipalities "may act only under color of state authority"); Monell, 98 S.Ct. at 2035-38 (1978) (ruling that local governing bodies may be sued under Section 1983).  The Fifth Circuit pointed out in Rains that "a showing of state action is sufficient to establish action under color of state law."  66 F.3d at 1406.

Plaintiffs' showing of inaction on the part of a public school district is enough to show action under color of state law, but the statutory requirement in the instant case is also distinguishable from the one in Rains.  The Texas Education Code requires action by superintendents, who are state officials, rather than by ordinary citizens.  See Tex. Educ. Code § 21.006.  The Education Code's reporting requirement is therefore tied to "a conferral of state authority making it possible for a defendant to wield state power in failing to act."  See Rains, 66 F.3d at 1412.

### b. Rule 8 Pleading Standards

BISD and FISD next claim that Plaintiffs fail to meet Rule 8's pleading standards by failing to state a plausible claim.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (citing Twombley, 127 S.Ct. at 1974).  The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Although plausibility that the claim is true is a lesser standard than a probability that the claim is true, plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"A claim for failure to train must allege sufficient facts to show that (1) the municipality adopted inadequate training policy procedures, (2) acted with deliberate indifference in doing so, and (3) the inadequate training policy directly caused the plaintiff's injury."  Speck v. Wiginton, 606 F. App'x 733, 736 (5th Cir. 2015) (per curiam) (citing Sanders-Burns v. City of Plano, 594 F.3d 366, 381 (5th Cir. 2010)).

The only specific facts about BISD and FISD that Plaintiffs allege are that the school districts knew of inappropriate relationships involving Ms. Cremar, forced Ms. Cremar to resign,

and failed to report the inappropriate relationships that Ms. Cremar allegedly had with other students. The facts are not sufficient to establish a failure-to-train claim.

Plaintiffs typically satisfy the existence of inadequate training procedures "by alleging facts related to the locality's actual training program." Id. In Speck, the plaintiff only made the "conclusory allegation" that the lack of adequate training was "apparent from the facts" of the case. Id. Speck's scant complaint asked that court "to make the inference that a single alleged incident of misconduct means officers are inadequately trained." Id. The Fifth Circuit concluded that such a weak inference was not enough to satisfy the pleading standards. "That inference is at odds with the law against *respondeat superior* liability in section 1983 cases." Id. Like in Speck, Plaintiffs here allege no facts related to any training or supervision programs by BISD and FISD. The pleading essentially infers that a single incident for each school district — failing to report Ms. Cremar's inappropriate conduct — means entire training programs were inadequate or nonexistent. This inference is not adequate.

Deliberate indifference, another element of a failure-to-train claim, is "a stringent standard of fault." Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011). Ordinarily, plaintiffs must allege a pattern of similar constitutional violations by the defendant in order to show deliberate indifference. Id. at 1360. However,

7/10

"[a]n exception may exist if the plaintiff's injury is a 'patently obvious' or 'highly predictable' result of inadequate training." <u>Speck</u>, 606 F. App'x at 736.  Plaintiffs alleged no instances where BISD and FISD officials failed to report inappropriate teacher conduct other than the instance of Ms. Cremar.  Because BISD and FISD allegedly failed to follow a state law while knowing of inappropriate relationships Ms. Cremar had with other students, the Court believes it is plausible that future sexual abuse of another student Ms. Cremar was "highly predictable."

Finally, Plaintiffs' pleadings are rather sparse as to what causal effect the "failure to train" by BISD and FISD would have had on the hiring of Ms. Cremar by WCISD and even the eventual sexual abuse of O.R.  Plaintiffs do not allege if WCISD exercised any diligence in hiring Ms. Cremar.[1]  If WCISD hired Ms. Cremar without checking her record or discussing her former employment with BISD and FISD staff, even the most superb training programs in BISD and FISD could not have affected WCISD's hiring or supervision of Ms. Cremar.  Under the facts alleged, it is not plausible that a failure to train or supervise employees by BISD and FISD actually caused O.R.'s injuries.

Plaintiffs fail to allege adequate facts with the first and third elements of a failure-to-train claim.  Without alleging

---

[1] Plaintiffs allege the WCISD learned of past inappropriate sexual behavior by Ms. Cremar, but Plaintiffs do not allege when or how this occurred.

sufficient facts how BISD and FISD inadequately trained and supervised their employees and how such inadequacies caused O.R.'s injuries, Plaintiffs fail to state a claim against BISD and FISD.

c. Opportunity to Amend the Complaint

Plaintiffs ask this Court to grant them an opportunity to amend their complaint in the event the Court concludes that they failed to state a claim upon which relief can be granted. Because the Court concludes that Plaintiffs fail to meet Rule 8's pleading standards, the Court now considers this request.

"Rule 15(a) requires a trial court 'to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend.'" Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (citing Fed. R. Civ. P. 15). The Fifth Circuit lists five factors to consider when a party requests leave to amend: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." Id.

This would be Plaintiffs' second amendment in response to a Motion to Dismiss from BISD and FISD. Their prior amendment, however, responded to a different Motion to Dismiss that only asked the Court to dismiss the case on immunity grounds. (See Dkt. 23). Even though a failure-to-train claim is difficult to show, it is not clear that an amendment would be futile. Plaintiffs point out

that they had been attempting to depose Ms. Cremar in response to this Motion to Dismiss, presumably to discover more factual allegations for their complaint. None of the Fifth Circuit's factors weigh against the opportunity to amend the complaint.

## CONCLUSION

Plaintiffs' request to amend their complaint is GRANTED. The Motion to Dismiss by BISD and FISD (Dkt. 32) is DENIED as moot. Plaintiffs are DIRECTED to file their amended complaint no later than February 12, 2016.

Further, the record shows that Defendant Cremar's attorney has previously not made her available for deposition. That deposition could be extremely important for Plaintiffs' amended complaint. This case was removed to federal court in March 2015 and has made little substantial progress since then. Accordingly, it is now ORDERED that Defendant Cremar be available for a deposition from Plaintiffs no later than February 3, 2016.

DONE at Laredo, Texas, this 19th day of January, 2016.

_____
George P. Kazen
Senior United States District Judge